[No. 18698. Department Two. May 7, 1925.]

## L. F. RUSSELL, *Respondent*, v. WASHINGTON FIRE RELIEF ASSOCIATION, *Appellant*.[1]

INSURANCE (214)—MUTUAL INSURANCE—ACTIONS FOR BENEFITS—EVIDENCE—SUFFICIENCY. Notice of assessments on four policies of mutual insurance are shown to have been given, although the insured testified that the notice covered only one policy, where it so appeared from the records of the company, and insured was probably mistaken.

SAME (104)—FORFEITURE—RIGHTS AFTER FORFEITURE—REINSTATEMENT—REBATES—PARTIAL PAYMENT. A partial payment on lapsed policies of mutual insurance revives the policies only in proportion to the entire premium due, in view of Rem. Comp. Stat., § 7077, prohibiting rebates and providing that, upon a rebate, the policy shall be reduced in proportion as the amount bears to the total premium.

SAME (104). Rem. Comp. Stat., § 7077, prohibiting rebates and providing that, upon a rebate, the policy shall be reduced in proportion as the amount bears to the total premium, does not avoid a policy on which the premium has been rebated, or permit recovery of the proportionate amount paid on the policy.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered January 10, 1923, upon findings in favor of the plaintiff, in an action on fire insurance policies, tried to the court. Reversed.

*Trimble & Generaux,* for appellant.

[1] Reported in 235 Pac. 954.

FULLERTON, J.—The appellant, Washington Fire Relief Association, is a mutual insurance company, organized as such under the laws of this state. It insures the property of its members against loss by fire. It does not collect fixed premiums on its policies, but meets its losses by an annual assessment levied on January 1st of each year of a certain percentage on its risks, and by special assessments found necessary when a fire loss occurs. The respondent is a member of the association. On July 1, 1922, he held four different policies of insurance in the association covering various of his properties, all of which were then in good standing. Two of these, each for the sum of $2,000, covered a prune dryer. In the month of June preceding the date above given, the board of directors of the association caused a special assessment to be levied on all of its risks. The by-laws of the association provide that notice of all such assessments shall be given the policy holders, and further provide that if "such assessment is not paid after thirty days' notice by mail, his insurance is void until such assessment is paid."

On July 10, 1922, notice was given the respondent of the June assessment; the notice stating the numbers of his policies and the amount due upon each. On September 14, 1922, the respondent remitted to the association the amount stated to be due on the last of the policies only. The data from which the amounts stated in the notice were calculated were prepared by a former secretary of the association. The figures were rechecked by its then secretary, when it was found that there was an over-demand on certain of the policies, particularly on the policy to which the remittance related, the policy being one of those covering the prune dryer. The secretary credited the policy to

which the remittance related in full, and credited the overpayment on the second of the policies covering the prune dryer. On the same day, he sent to the respondent a letter restating the several amounts due on his policies and notifying him of the balance necessary to be paid to place them in good standing. The respondent gave no heed to this letter; in fact, he testified that he did not even open it for some time later, thinking it a mere receipt for the money he had remitted.

The prune dryer covered by the two policies mentioned was destroyed by fire on September 29, 1922. The association recognized its liability on one of the policies and paid it in full. On the second of the policies it recognized a liability proportionate to the amount of the assessment payment credited thereon, and on December 8, 1922, paid the amount thereof, $920.86, to the respondent by a check, which he accepted and cashed.

The present action was instituted by the respondent in June, 1923, to recover the balance unpaid on the policies covering the prune dryer. After issue joined, the cause was tried by the court sitting without a jury, and resulted in a judgment in favor of the respondent for the amount demanded. The appeal is from the judgment entered.

The evidence from which we have deduced the foregoing statement of the facts is conflicting. The respondent testified that the notice of the June assessment sent to him by the appellant made a reference only to one of his policies and contained but a single item; that he returned the notice to the association with the remittance; that he afterwards saw the notice in the files of the company and that it then contained but the one reference and the one item. The trial

court seems to have adopted the respondent's testimony as the true version of the facts, and held the policy to be in force for want of notice to the company, but the record, to our minds, all but conclusively proves that the respondent was mistaken in his testimony. Not only did the secretary of the association testify that, the notice sent contained a reference by number to each of the respondent's policies and the amount assessed against each of them, but the records of the company support his testimony. Moreover, had the notice received by the respondent contained but the single item to which he testified, it would at once have challenged his attention and excited inquiry on his part. He was desirous of maintaining his insurance, this not only for the protection it afforded him, but because of certain outstanding contracts requiring him to maintain it. He was a member of the association; he knew its rules and regulations; he knew that he had more than one policy in the association, and knew that special assessments were levied upon all of the outstanding policies, not upon a selected few. Manifestly, under these conditions, had the notice been as he now remembers it, he would himself have instituted an inquiry. He testifies that he was a very busy man at the time the notice was received, and we think it more probable that in his haste he mistook the last of the items for the sum total of the others, and remitted that amount. But the fault was his own. The association in no wise deceived him. On the very day the money was received, it wrote him notifying him of his mistake—the letter which, as we have before stated, he did not then take upon himself the trouble of opening.

As we view the record, the respondent is not entitled to recover. At the time of the remittance he was

in default upon all of his policies. His payment at that time would revive in full only those which it paid in full, and a partial payment would do no more than revive the policy upon which it was credited to the extent of the proportion the partial payment bore to the entire premium. This is the meaning, as we understand it, of the state insurance code. By that code rebates of premiums in any form are prohibited. It is also provided therein (Rem. Comp. Stat., § 7077) [P. C. § 2940] that, on any policy whereon there has been a rebate of the premium, the amount of the insurance "shall be reduced in such proportion as the amount or value of such rebate . . . bears to the total premium on such policy." It would be to allow a rebate were it to be held that a partial payment of the premium on a lapsed policy revived the policy in full. As the respondent has been paid to the extent to which the policy was revived, to pay more would be to violate the statute.

In a cross-complaint, filed with its answer, the appellant sought to recover the amount paid upon the policy the assessment upon which was not paid in full. The claim is that the payment was in violation of the insurance code, and is thus recoverable on the ground of mistake. The sections of the code cited as maintaining the position are those above noticed prohibiting rebates of insurance premiums. But the cited sections do not make void a policy of insurance on which the premium has been rebated. They merely provide that it shall be reduced in a stated proportion. It was, therefore, lawful for the appellant to pay in that proportion. As it did no more than this, there can be no recovery.

The judgment is reversed, and the cause remanded with instructions to enter a judgment to the effect that the respondent take nothing by his action, and that the

appellant take nothing on its counterclaim. The appellant will recover its costs.

HOLCOMB, MAIN, MITCHELL, and MACKINTOSH, JJ., concur.